Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

_____ Division

| | |
|---|---|
| Alan E. Fischer III | Case No. **8:23 cv 1610 SDM − SPF** |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☑Yes ☐No |
| –v– | |
| William Wagner-Hart, Sergio Sanchez, Hector Zurita, Bryan Tracy, William Rose, Brian Dugan, Calvin Johnson, Tampa Police Department. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Alan E. Fischer III |
| Address | 803 College Ave |

| | | |
|---|---|---|
| Lakeland | FL | 33801 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Polk County |
| Telephone Number | 813-838-1299 |
| E-Mail Address | AJ@TitanHL.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | William Wagner-Hart |
| Job or Title *(if known)* | District 3 Officer - TPD |
| Address | TPD District 3 - 3808 North 22nd Street |

| | | |
|---|---|---|
| Tampa, FL 33610 | FL | 33610 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Hillsborough County |
| Telephone Number | (813) 242-3800 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Sergio Sanchez |
| Job or Title *(if known)* | District 3 Officer - TPD |
| Address | TPD District 3 - 3808 North 22nd Street |

| | | |
|---|---|---|
| Tampa | FL | 33610 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Hillsborough County |
| Telephone Number | (813) 242-3800 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

Name      Hector Zurita

Job or Title *(if known)*      District 3 Officer - TPD

Address      TPD District 3 - 3808 North 22nd Street

| Tampa | FL | 33610 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County      Hillsborough County

Telephone Number      (813) 242-3800

E-Mail Address *(if known)*

☑ Individual capacity      ☐ Official capacity

Defendant No. 4

Name      Bryan Tracy

Job or Title *(if known)*      District 3 Officer - TPD

Address      TPD District 3 - 3808 North 22nd Street

| Tampa | FL | 33610 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County      Hillsborough County

Telephone Number      (813) 242-3800

E-Mail Address *(if known)*

☑ Individual capacity      ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
Assault, Excessive force, and False Arrest against Plaintiff, in violation of Plaintiff's 4A and 14A.
Cruel and unusual punishment against Plaintiff, in violation of Plaintiff's 8A.
Negligence- Failure to Train, and Failure to Intervene, in violation of Plaintiff's 4A and 14A rights.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**Defendant No. 5**

| | |
|---|---|
| Name | William Rose |
| Job or Title (if known) | District 3 Officer - TPD |
| Address | TPD District 3 - 3808 North 22nd Street |
| | Tampa — FL — 33610 |
| | *City* — *State* — *Zip Code* |
| County | Hillsborough County |
| Telephone Number | (813) 242-3800 |
| E-Mail Address (if known) | |

☑ Individual capacity ☐ Official capacity

**Defendant No. 6**

| | |
|---|---|
| Name | Brian Dugan |
| Job or Title (if known) | Chief of Police - TPD |
| Address | 411 North Franklin Street |
| | Tampa — FL — 33602 |
| | *City* — *State* — *Zip Code* |
| County | Hillsborough County |
| Telephone Number | (813)-276-3200 |
| E-Mail Address (if known) | |

☐ Individual capacity ☑ Official capacity

**Defendant No. 7**

| | |
|---|---|
| Name | Calvin Johnson |
| Job or Title (if known) | District 3 Commander - Major TPD |
| Address | 3808 North 22nd Street |
| | Tampa — FL — 33610 |
| | *City* — *State* — *Zip Code* |
| County | Hillsborough County |
| Telephone Number | 813-242-3800 |
| E-Mail Address (if known) | |

☐ Individual capacity ☑ Official capacity

**Defendant No. 8**

| | |
|---|---|
| Name | Tampa Police Department |
| Job or Title (if known) | |
| Address | 411 North Franklin Street |
| | Tampa — FL — 33602 |
| | *City* — *State* — *Zip Code* |
| County | Hillsborough |
| Telephone Number | |
| E-Mail Address (if known) | |

☐ Individual capacity ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

See Attachment 2

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

Ybor, Tampa PD District 3.
Sidewalk and roadway outside of 1503 7th St E, Tampa FL 33605.

B.      What date and approximate time did the events giving rise to your claim(s) occur?

7/28/2019 at 0200hrs.

C.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See attachment 3.

"Attachment 2"

## D. If you are suing under section 1983, explain how each defendant acted under color of state or local law.

- DEFENDANT WAGNER-HART's use of force and subsequent false arrest of the PLAINTIFF was excessive, cruel, and objectively unreasonable because PLAINTIFF was a victim of an assault and needed medical attention, had committed no crime and posed no threat to any officers. DEFENDANT WAGNER-HART had no evidence to suggest that the PLAINTIFF had committed any crime or posed any threat to bystander or police, but assaulted him anyway instead of providing aid; first with his horse, then with a strike to the neck, and then by dragging him into a roadway by his shirt collar while riding horseback. These actions, under the color of law, were malicious, unreasonable and unwarranted given the PLAINTIFF's status as a victim of assault, battered condition and concussed physical state; and violated his 4th, 8th and 14th amendment rights. The failure to assess the PLAINTIFF's condition and provide aid for his serious medical need constitutes an 8th amendment violation; as the DEFENDANT WAGNER-HART exhibited willful and deliberate indifference to the PLAINTIFF's condition after watching the PLAINTIFF suffer incapacitation and loss of consciousness by a carotid triangle chokehold while being stuck repeatedly in the face by a group of attackers. Once the PLAINTIFF was free from these attacks, and had regained consciousness; DEFENDANT WAGNER-HART began his assault on the delirious PLAINTIFF who was exhibiting signs of distress and inability to regain balance, victimizing him further.

- DEFENDANT WAGNER-HART's false arrest of the PLAINTIFF was in bad faith and with malicious purpose in a manner exhibiting wanton and willful disregard of the PLAINTIFF's rights, when the DEFENDANT detained the PLAINTIFF for an assault that he had committed himself against the PLAINTIFF. The DEFENDANT accused the PLAINTIFF of an assault on a police animal while knowing that he'd initiated contact and assaulted the PLAINTIFF by using his horse as a battering ram and driving into the PLAINTIFF, and that the PLAINTIFF did not at anytime strike, or intend to strike the horse, but instead only put his arms out to steady himself against the weight of the horse that had struck him. These actions were malicious, unreasonable and unwarranted, and the PLAINTIFF's arrest under the color of law was a violation of his 4th and 14th amendment rights.

- DEFENDANT SANCHEZ's use of deadly force, under the color of law, against the PLAINTIFF while making the arrest was unwarranted, unreasonable, cruel and excessive. This action constituted a violation of the PLAINTIFF's 4th, 8th, and 14th amendment rights when DEFENDANT SANCHEZ used two carotid holds, inflicting serious bodily injuries on the PLAINTIFF restricting his ability to breathe; ultimately causing incapacitation and loss of consciousness by restricting airways and blood flow. DEFENDANT SANCHEZ initially used deadly force against the PLAINTIFF by utilizing a carotid hold with his hands and bodyweight on the PLAINTIFF's neck, but then transferred to using his knee and bodyweight to press against the PLAINTIFF's neck for several minutes restricting his breathing and causing loss of consciousness; a move that could have resulted in the PLAINTIFF's death.

- DEFENDANTS ZURITA, TRACY, ROSE and WAGNER-HART's failure to intervene to stop DEFENDANT SANCHEZ's use of deadly force constituted a violation of the PLAINTIFF's 4th, 8th, and 14th amendment rights when they failed to intervene when each witnessed and allowed DEFENDANT SANCHEZ's carotid hold for several minutes. The same DEFENDANTS failed to intervene when DEFENDANT WAGNER-HART exhibited deliberate indifference to the constitutional rights of those he came in contact with, when he maliciously used his horse as a

weapon against the PLAINTIFF and against multiple bystanders; including one who was on the ground filming DEFENDANT SANCHEZ's deadly force during the arrest and was deliberately charged twice, and trampled once, by DEFENDANT WAGNER-HART and his horse.

- DEFENDANTS ZURITA, SANCHEZ, TRACY, and ROSE's malicious use of OC spray against the PLAINTIFF, and failure to follow TPD operating procedures regulating it's use, violated the PLAINTIFF's 8th amendment rights to be free from cruel and unusual punishment. The DEFENDANTS willfully sprayed the OC spray in the face eyes and mouth of the PLAINTIFF while making the arrest, in violation of policy to only use OC "by an officer to defend himself or to protect another from an attack or when the officer cannot safely or effectively restrain a subject by other means." This use of force was excessive and was not necessary to restrain the PLAINTIFF, who at the time had the bodyweight of 4 officers on top of him and could not move. The DEFENDANTS violated standard operating procedure policy, and the PLAINTIFF's rights further when they failed to constantly monitor, and then obtain medical assistance for the PLAINTIFF who exhibited signs of respiratory distress as required. Finally, the DEFENDANTS violated decontamination procedures, leaving the PLAINTIFF covered in the spray for several hours. DEFENDANTS ZURITA, SANCHEZ, TRACY and ROSE, further violated the PLAINTIFF's rights when they hogtied him; binding his hands and feet together with handcuffs, and then lifted and carried him by his bound hands and feet, causing an inordinate amount of stress on his shoulders resulting in serious bodily injuries; and then slammed the incapacitated and unconscious PLAINTIFF's head into the car door.

- DEFENDANT TAMPA POLICE DEPARTMENT; DEFENDANT DUGAN, in his official capacity as Tampa Police Department's Chief of Police; and DEFENDANT JOHNSON, in his official capacity as Tampa Police Department's District 3 commander; exhibited negligence and failure to train officers on using deadly force carotid holds, which in turn violated the PLAINTIFF's rights. DEFENDANTS were responsible for the need to train officers in the constitutional limitations regarding the use of deadly force, and carotid holds were not explained and outlined in TPD Standard Operating Procedures prior to the date of these violations. According to former TPD Chief and current Mayor Jane Castor one year after these events on Jun 19th 2020; carotid holds were banned decades ago, but not clearly spelled out in any written policy. The DEFENDANTS also exhibited negligence and failure to train their Horse Mounted Officers on use of horse maneuvers that violate the constitutional rights of those they come in contact with. These DEFENDANT's negligent failure to train and instruct officers to intervene if they witness another officer using excessive force constituted another violation the PLAINTIFF's rights. In the same press conference, after mentioning carotid holds, Mayor Castor stated that officers who witness excessive force by another officer have an obligation to intervene, and that has always been an unspoken policy of the department "but it has never been codified in policy." This failure to clearly define, and train officers on these procedures led to violations of the PLAINTIFF's rights, and demonstrates deliberate indifference to the constitutional rights of those with whom the officers may have come into contact with.

"Attachment 3"

## C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

PLAINTIFF ALAN FISCHER was the victim of an assault by multiple assailants on the sidewalk of 7th St in Ybor. One assailant held the PLAINTIFF in an arm-bar chokehold from behind while others repeatedly struck the plaintiff in the face with closed fists. The PLAINTIFF lost consciousness due to the restrictions to his airways and blood flow while DEFENDANT 1, Horse Mounted Officer WAGNER-HART, just feet away, looked on. The assailants left the PLAINTIFF lying on the sidewalk and retreated when he went limp. When the PLAINTIFF came-to moments later, and stood up in an attempt to regain his balance while pleading with DEFENDANT WAGNER-HART for help, DEFENDANT WAGNER-HART proceeded to drive his horse into the PLAINTIFF causing him to almost fall over. The PLAINTIFF raised his hands in-front of his body and stabilized himself against the horse and DEFENDANT WAGNER-HART then struck the PLAINTIFF in the neck, grabbed him by his collar and dragged him approximately 10-15 yards into the roadway. The PLAINTIFF was tackled by DEFENDANTS SANCHEZ, TRACY and ROSE to the ground where he was sprayed in the face with OC spray after the DEFENDANTS, now including DEFENDANT ZURITA, had already restrained the PLAINTIFF using all of their combined bodyweight. DEFENDANT SANCHEZ applied bodyweight force to the PLAINTIFF's neck, briefly using his hands and then switching to his knee for several minutes, maintaining pressure on the PLAINTIFF's neck until he lost consciousness again due to restricted airways and blood flow. The DEFENDANTS then hog tied the PLAINTIFF, binding his hands and feet with handcuffs, and then binding those handcuffs together behind the PLAINTIFF's back. They then carried the PLAINTIFF by his hands and feet, with his bodyweight being held by his shoulders, which were hyperextended behind his head. The DEFENDANTS shut the PLAINTIFF's head in the car door when securing him for transport to the jail, and failed to check on him and monitor his breathing, or check for signs of life while he was incapacitated. The DEFENDANTS lied in police reports and depositions about the PLAINTIFF's actions to cover their own abuse, charging him with multiple felonies.

All of the events described were recorded by Tampa CCTV and traffic cameras, as well as by multiple bystanders, of whom some faced retaliation and assaults by these named DEFENDANTS. The events were witnessed by dozens of civilians on the street during the ordeal. In video footage, many can be heard screaming and pleading with DEFENDANTS to stop, yelling that the PLAINTIFF wasn't doing anything and the force was excessive.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The Plaintiff suffered multiple physical and mental injuries as a result of these abuses by police:

The plaintiff suffers from PTSD and heightened anxiety due to the victimization he experienced from Police, including a fear of police; who he'd once believed had a duty to help and protect victims. The plaintiff suffered hand and arm numbness, and severe shoulder injury from being hogtied and carried, for which he needs consistent physical therapy to manage pain and mobility. The Plaintiff suffered a badly broken nose which required extensive reconstructive surgery and cadaver transplant, which causes daily pain. The plaintiff suffered neck injuries from the abuse he received by officers, which causes frequent pain, stiffness, tension headaches and decreased mobility. The plaintiff suffered a TBI from multiple concussions and at least two losses of consciousness from carotid hold strangulation, and now suffers from frequent painful migraine headaches, and cognitive difficulties; including decreased ability to concentrate, remember, and communicate, impulsiveness, changes in behavior, personality and temperament, depression, irritability, difficulty tolerating frustration and difficulty feeling motivated.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Compensatory Damages, including:
  Medical Expenses
  Pain and Suffering
  Emotional Distress
  Loss of Enjoyment of Life
  Future Damages

Punitive Damages

Declaratory Relief

A jury trial on all issues triable by jury

Any additional relief this court deems just, proper, and equitable.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:                July 25th 2023

Signature of Plaintiff

Printed Name of Plaintiff        Alan E. Fischer III

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address