**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALAN E. FISCHER III,**
           **Plaintiff,**                                        **Case No. 8:23-cv-1610-SDM-SPF**

**v.**

**TAMPA POLICE DEPARTMENT, et al.**
           **Defendants.**
_____/

**DEFENDANT, TAMPA POLICE DEPARTMENT'S**
**MOTION TO DISMISS AND MEMORANDUM OF LAW**

Defendant, TAMPA POLICE DEPARTMENT, by and through undersigned counsel, hereby move this Court to Dismiss the Complaint (**Dkt. 1)** pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01 and in support thereof would state:

1.      The Complaint should be dismissed because the Tampa Police Department is not an entity that has the capacity to be sued.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003)*; Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank,* 129 F.3d 1186, 1189 (11th Cir. 1997) *(quoting Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, when taken as true, "state a claim to relief that is plausible on its face". *Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'shown'-'that the pleader is entitled to relief." *Id* at 1950.

**SUMMARY OF COMPLAINT**

On **July 28, 2019**, Plaintiff was a patron in Ybor City when he was involved in an altercation with a group of people. Plaintiff contends that he was beaten, choked and assaulted by the group. Thereafter, Plaintiff contends that Officer William Wagner-Hart, who was a mounted patrol officer, unlawfully arrested him and dragged him by his shirt collar into the street. Other Tampa police officers then

grabbed him, took him to the ground, retrained him and used OC spray against him. Plaintiff was arrested and prosecuted in case number 2019-CF-010536.

On **July 26, 2023**, Plaintiff filed a civil rights complaint that named eight (8) Defendants and alleged that Defendants violated the 4th, 8th and 14th Amendments of the United States Constitution. Plaintiff seeks compensatory damages for Medical expense, pain and suffering, emotional distress, loss of enjoyment of life, punitive damages and declaratory relief.

## ARGUMENT

### Tampa Police Department

Plaintiff named the Tampa Police Department as a Defendant in this lawsuit; however, the police department is not an entity subject to suit. The police department is merely the department through which the City of Tampa carries out its police powers and is not a distinct legal entity. City of Tampa Charter, Part A, Article V, Section 5.01(d) establishes the police department as the entity through which the City of Tampa shall have cognizance of all matters relating to law enforcement. Under Florida law, where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit. *Lederer v. Orlando Utilities Commission*, 981 So. 2d 521, 525 (Fla. 5th DCA 2008)(*citing* 1 McQuillin, *The Law of Municipal Corporations*, § 2.3 (3d ed. 2008)(explaining that a department created by state is generally considered a separate entity, while a department created by city is not an entity separate from

municipality);  *see also Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)(explaining that although city police department is integral part of city government, it is not entity subject to suit because it is merely "vehicle through which the city government fulfills its police functions…");  *N. Miami Beach Water Bd. v. Gollin¸* 171 So. 2d 584 (Fla. 3d DCA 1965)(finding city water board was not autonomous body, separate and apart from city);  *Jones v. Collier County Sheriff's Department*, 1996 WL 172989 (M.D. Fla., 1996);  and *Post v. City of Fort Lauderdale*, 750 F. Supp 1131 (S.D. Fla., 1990), *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). The municipal corporation, City of Tampa, has been granted the full authority to sue or be sued.[1]  Therefore, the Tampa Police Department must be dismissed from this lawsuit with prejudice.

For the foregoing reasons, Defendants request that this Honorable Court grant this Motion; and order such other relief as the Court finds just and appropriate.

**Rule 3.01(g) Certification**

The undersigned has not had the opportunity to confer with Plaintiff about the relief sought in this motion but will seek Plaintiff's position when the motion is mailed/served. The undersigned will update the Court as required.

---

[1]    City of Tampa Charter, Part B, Article II, Section 2.01

5 | P a g e

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing document has been filed on this 2nd day of October 2023 with the Clerk of Court using the CM/ECF and has been served via U.S. Mail to:  Alan E. Fischer, III, 803 College Avenue, Lakeland, FL  33801.

**ANDREA ZELMAN, CITY ATTORNEY**
**CITY OF TAMPA**

By:   /s/ Ursula D. Richardson
  Ursula D. Richardson
  Chief Assistant City Attorney
  FBN:  0064467
  315 E. Kennedy Boulevard, 5th Floor
  Tampa, FL  33602
  (813) 274-7205 Telephone
  (813) 274-8894 Facsimile
  Counsel for Defendants
  Email: Ursula.Richardson@tampagov.net
  Laytecia.McKinney@tampagov.net