UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALAN E. FISCHER, III,

      Plaintiff,

v.                            CASE NO. 8:23-cv-1610-SDM-SPF

OFFICER WILLIAM WAGNER
HART, et al.,

      Defendants.

_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Compel Defendants' Discovery (Doc. 47) and Defendants' Response in Opposition to Plaintiff's First Motion to Compel (Doc. 48). Upon consideration, Plaintiff's motion is granted in part and denied in part.

Plaintiff, proceeding *pro se*, initiated this action pursuant to 28 U.S.C. § 1983 to bring claims against the City of Tampa and five officers of the Tampa Police Department for alleged constitutional violations related to the use of force during a July 2019 arrest (Doc. 34). Now Plaintiff moves to have Defendants produce various outstanding discovery, though the exact discovery requested by Plaintiff is unclear. Plaintiff represents that Defendants have raised bad-faith vagueness objections to his discovery requests, but he fails to attach or include either his requests or Defendants' objections. He then states that is entitled to relevant discovery, specifically "full length videos of the incident recorded on City cameras; training on use of neck holds, such as how to use them or not to use them, and how to care for a detainee who has had airways and blood-flow restricted by one and is now restrained in prone position; City of Tampa history on recent use of neck holds, and related complaints or investigations;

Defendant officer and city records of recent similar incidents, including incident reports, complaints, internal investigations, [and] disciplinary records." (Doc 47 at 7–8).

Defendants respond and clarify that Plaintiff served one request for production containing six requests, and Defendants objected to Request No. 2, provided a partial response to Request No. 3, and provided documents responsive to the remaining requests without objection. Thus, Defendants clarify that Plaintiff seeks additional documents in response to Request No. 1, an order compelling the production of documents responsive to Request No. 2, and an order overruling Defendants' objections to Request No. 3. Defendants also represent that Plaintiff served five interrogatories and Defendants answered Interrogatory Nos. 1 and 2, objected to Interrogatory Nos. 3 and 5, and raised a partial objection to Interrogatory No. 4. Thus, Defendants also clarify that Plaintiff seeks an order compelling a better response to Interrogatory No. 2 and overruling Defendants' objection to Interrogatory Nos. 3–5. For the reasons explained below, Plaintiff's motion is granted in part and denied in part.

## ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial

burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

As an initial matter, the Court notes that Plaintiff has failed to meet his initial burden of establishing that the information sought is relevant, as Plaintiff failed to include any information regarding the content of his discovery requests. Instead, Plaintiff generally represented that he is entitled to certain categories of information and argued that Defendants raised improper vagueness objections. But the Court has no basis to assess the propriety of either Plaintiff's requests or Defendants' objections where Plaintiff has not provided those to the Court. *See, e.g.*, *Ann Taylor Retail, Inc. v. CPG Partners, L.P.*, No. 3:10-cv-39-J-32MRC, 2011 WL 308177, at *2 (M.D. Fla. Jan. 27, 2011) (denying motion to compel where the plaintiff "failed to provide the Court with sufficient information from which it could decide whether Defendants' responses are sufficient"). Regardless, because Defendants have provided the Court with this information and being mindful of the fact that Plaintiff has been proceeding *pro se*, the Court addresses each request below.

<u>Request for Production No. 1</u>:

In Request No. 1, Plaintiff requested:

Any and all full-length video recordings (not cropped, zoomed or trimmed; but in original format, size and length at time of recording) related to the Incident, including but not limited to: a) Surveillance camera footage b) Dash camera footage c) Bodycam footage; d) Any other video recordings.

(Doc. 48 at 3). Defendants responded by indicating that they were producing five videos. Plaintiff represents that Defendants ignored his request for full-length recordings and only

produced five short video clips that are clipped and trimmed.  In response, Defendants state that no other video related to the incident exists.  The Court accepts Defendants' representation.  Because the Court cannot compel Defendants to produce documents that do not exist, Plaintiff's motion to compel the production of additional documents responsive to Request No. 1 is due to be denied.  *See Tibbetts Lumber Co., LLC v. Amerisure Mut. Ins. Co.*, No. 8:19-cv-1275-KKM-AAS, 2021 WL 1966492, at *2 (M.D. Fla. May 17, 2021) ("[T]he Court cannot compel [a party] to provide information or documents that do not exist.") (quoting *Thermoset Corp. v. Building Materials Corp. of Am.*, No. 4-60268-CIV, 2014 WL 6473232, at *4-5 (S.D. Fla. Nov. 18, 2014)); *Velez v. Evy L&L Servs., LLC*, No. 8:18-cv-1696-T-60SPF, 2019 WL 7286601, at *3 (M.D. Fla. Dec. 13, 2019) ("The Court notes that, notwithstanding the fact that Intuitive is required to produce information and documents within its possession, custody, or control, to the extent that no documents exist, this Court cannot compel the impossible.") (citations omitted).

Request for Production No. 2:

In Request No. 2, Plaintiff requested:

> Any and all documents relating to similar incidents involving officers of City of Tampa Police Department prior to the Incident, and after, including but not limited to: a) Incident reports; b) Complaints; c) Internal affairs investigations; d) Disciplinary records related to Similar Incidents, or other potential civil rights violations.

(Doc. 48 at 4).  Defendants responded: "Objection, the term 'similar incidents' is overbroad and vague and as drafted, the request is unduly burdensome and potentially voluminous." (*Id.*).  This is a boilerplate objection because it fails to explain how the term "similar incidents" is overbroad and vague or how the request is unduly burdensome and potentially voluminous. As a result, Defendants' objections are waived.  *See Spencer v. City of Orlando, Fla.*, No. 6:15-

cv-345-Orl-37TBS, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) ("Objections stating that a request is 'vague,' 'overly broad,' or 'unduly burdensome' are meaningless standing alone.") (citations omitted); *Martin v. Zale Del., Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008) ("A party objecting on these grounds must explain its reasoning in a specific and particularized way."); *see also Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2019 WL 3082608, at *4 (M.D. Fla. July 15, 2019) ("Boilerplate or general objections constitute a waiver of the objections to the discovery sought.").

While the Court agrees that Plaintiff's request is capable of an overly broad and unduly burdensome interpretation, attorneys responding to discovery requests have a duty to "reasonably and naturally" interpret the requests. *Middle District Discovery* (2021) at § III(A)(3). And "[o]bjections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection." *Id.* at § III(A)(6). Defendants are aware of the allegations in Plaintiff's complaint regarding the use of excessive force during his July 2019 arrest and could have agreed to produce documents related to the use of excessive force for a limited period of time before Plaintiff's arrest. As a result, Plaintiff's request to compel Defendants to produce documents responsive to Request for Production No. 2 is granted in part to the extent that Defendants shall produce a list or summary of all complaints and investigations involving allegations of excessive force by officers of the Tampa Police Department from July 2014 through the date of Plaintiff's arrest. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Even when a party fails to object with specificity and the court compels a response to a discovery request, the court's order should compel only what is reasonable under the circumstances.").

<u>Request for Production No. 3</u>:

In Request No. 3, Plaintiff requested:

Any and all documents relating to similar incidents involving "Defendant Officers" of City of Tampa Police Department prior to the Incident, and after, including but not limited to: a) Incident reports; b) Complaints; c) Internal affairs investigations; d) Disciplinary records related to Similar Incidents, or other potential civil rights violations.

(Doc. 48 at 5). Defendants responded: "Objection, the term 'similar incidents' is overbroad and vague and as drafted, the request could produce voluminous non-relevant [sic]. Without waiver of the stated objection, attached are the Professional Standards summaries for each officer." (*Id.*). For the reasons explained above with respect to Request No. 2, the Court agrees that Defendants' objections are boilerplate and therefore waived.

Despite their objection, however, Defendants produced a summary of internal affairs complaints for each officer.[1] Defendants represent that they advised Plaintiff that they were producing summaries so that Plaintiff could see the universe of complaints involving each officer so Plaintiff could identify which documents he would like Defendants to produce. Plaintiff takes issue with Defendants' production of summaries and their explanation that this was done to save time and money. Plaintiff represents that Defendants' counsel responded to inquiries about this information by asking: "Do you really want to pay for copies of documents that are obviously NOT similar?" (Doc. 47 at 4).[2] According to Plaintiff, this indicates "by contrast an awareness of what potential information was *obviously similar* to the incident described in the complaint[.]" (*Id.*).

---

[1] Defendants did not produce a summary for Officer Sanchez as he does not have any internal affairs history (Doc. 48 at 6).

[2] Neither Plaintiff nor Defendants attached a copy of this correspondence to their filings.

In their response, Defendants included the internal affairs history for each officer.  For example, Officer Zurita's internal affairs history shows three incidents, each related to his use of police vehicles (Doc. 48 at 7).  Defendants argue that it is obvious that these incidents are neither similar nor relevant to the allegations in Plaintiff's complaint.  Defendants also acknowledge, however, that certain incidents listed in the internal affairs history of other officers could be relevant and agreed to produce all documents in their possession, custody, or control related to those incidents.  Considering this concession, Plaintiff's request to compel Defendants to produce documents responsive to Request No. 3 is denied as moot.

Interrogatory No. 2:

In Interrogatory No. 2, Plaintiff asked Defendants to "[d]escribe in detail the training provided to officers regarding the use of force techniques mentioned in the Incident." (Doc. 48 at 11).  Defendants responded as follows:

> The training provided to officers on the use of force is too broad to explain in an interrogatory, therefore as a general overview of their training, officers receive their initial training in use of force in the police academy.  When an officer is hired by Tampa Police Department, training is provided annually or semi-annually as required by Florida Department of Law Enforcement's certification guidelines.  The training consists of legal training regarding the Constitution and pertinent case law from the United States Supreme Court, Eleventh Circuit Court of Appeal and Florida Supreme Court.  Officers receive instruction in defensive tactics to learn physical techniques for use in making arrests and responding to arrestees who passively or aggressively resist arrest.  See also Standard Operating Procedure 538 – Response to Resistance provided in Responses to Plaintiff's Request for Production # 4-5 for further information regarding Response to Resistance.

(*Id.*).  In his motion, Plaintiff takes issue with Defendants' failure to specifically address the use of neck restraints.  Defendants respond that they provided a general and broad overview of the use of force training for officers and further referred Plaintiff to an eleven-page policy on the use of force, and to the extent Plaintiff "sought a dissertation" on everything officers

are trained to do, that level of detail is not suitable for an interrogatory as officers receive extensive and frequent training at the academy and at the Tampa Police Department (Doc. 48 at 12).

While Defendants complain that any explanation of training on "the use of force" is too broad to explain, Plaintiff did not request information on all training regarding the use of force. Instead, Plaintiff requested details on the training provided to officers on the use of force that occurred during his arrest. And during conferral (and through his motion), Plaintiff clarified that he was seeking information on the use of neck restraints. Defendants' interrogatory response fails to provide any information regarding the Tampa Police Department's training regarding neck holds. "Interrogatories should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import. When in doubt about the meaning of an interrogatory, the responding party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information." *Middle District Discovery* (2021) at § IV(A)(3). Thus, Defendant shall amend its response to Interrogatory No. 2 to provide information on the training provided to officers regarding the use of neck restraints.

Interrogatory No. 4:

In Interrogatory No. 4, Plaintiff asked Defendants to "[i]dentify all policies and procedures in effect at the time of the Incident regarding the use of force techniques involved." (*Id.*). Defendants objected that the term "use of force techniques involved" is too broad and vague to form a response. Defendants then stated that "[w]ithout waiver of the objection, as indicated in Interrogatory Answer Number 2, please review SOP 538- Response to

Resistance." (*Id.*). Again, Plaintiff takes issue with Defendants' failure to address neck restraints. To the extent SOP 538 was the only policy in place regarding the use of force at the time of Plaintiff's arrest, the Court finds Defendants' interrogatory response to be sufficient. If there were other policies addressing the use of force—and in particular the use of chokeholds or neck restraints—Defendants shall supplement their response to identify those policies.

Interrogatory No. 3:

In Interrogatory No. 3, Plaintiff asked Defendants to "[s]tate the number of similar incidents that have occurred in the five years before and after the Incident, providing details for each." (Doc. 48 at 12). Defendants objected that the term "similar incident" was too broad and vague to form a response. Once again, Defendants' objection is an improper boilerplate objection and is therefore waived. And for the same reasons discussed above with respect to Request for Production No. 2, Defendants shall state the number of complaints and investigations involving allegations of excessive force by officers of the Tampa Police Department from July 2014 through the date of Plaintiff's arrest.

Interrogatory No. 5:

Finally, in Interrogatory No. 5, Plaintiff asked Defendants to "[d]escribe any changes made to relevant policies or training procedures since the Incident." Defendants responded: "Objection, the term 'relevant policies' is too broad and vague for Defendants to provide any meaningful response. Further, the request may also be voluminous and unduly burdensome because the Tampa Police Department has updated numerous policies since July 2019."

(Doc. 48 at 12).[3]   The Court finds that Defendants' vagueness objection is boilerplate and their burdensomeness objection is unsupported.   Defendants are clearly capable of identifying relevant policies, as they specifically identified SOP 538 in response to Interrogatory No. 2 and Interrogatory No. 4.   Thus, Defendants shall amend their response to Interrogatory No. 5 to detail whether any changes have been made to SOP 538.   And to the extent additional policies are identified in response to Interrogatory No. 4, as discussed above, Defendants shall also detail whether any changes have been made to those policies.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Motion to Compel Defendants' Discovery (Doc. 47) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

**ORDERED** in Tampa, Florida, April 7, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants further argue in their response that it is unclear how revisions to policies after 2019 would be relevant to whether the City was on notice, before July 2019, that its training, policies, or supervision was constitutionally inadequate.   The Court does not address this argument, as "failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from raising that objection in a response to a motion to compel."   *Middle District Discovery* (2021) at § IV(B)(1).